```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

CARLOS METOYER                           CIVIL ACTION

VERSUS                                   NO: 07-1513

AUTO CLUB FAMILY INSURANCE               SECTION: "J" (5)
COMPANY
```

### ORDER AND REASONS

Before the Court are cross motions for summary judgment seeking to enforce the compromise entered into by the parties. For the reasons explained below, Defendant's Motion for Summary Judgment (Rec. Doc. 73) is **DENIED**; and Plaintiff's Motion for Summary Judgment (Rec. Doc. 78) is **GRANTED in part and DENIED in part.**

### BACKGROUND

Plaintiff filed suit against his homeowner's insurer, Auto Club Family Insurance Company ("ACFIC") to recover for damages sustained as a result of Hurricane Katrina. The parties entered into a settlement agreement on March 18, 2008, where ACFIC agreed to pay $48,500.00 in new money "for a full and final release of all claims against ACFIC." The amount and the wording of the settlement are not disputed in this case.

After the settlement agreement, ACFIC presented Plaintiff

with a Motion to Dismiss and Receipt, Release, and Indemnity Agreement.  The agreement presented provides that ACFIC would pay $32,500.00 in new money under Coverage C, and $16,000.00 in new money under Coverage A.

Plaintiff rejected the terms, claiming that the release contained terms that had not been agreed to.  Further, Plaintiff filed this cross motion for summary judgment seeking penalties under LA. REV. STAT. ANN. § 22:1220 for failure of ACFIC to pay the settlement proceeds within 30 days.  Plaintiff wants the settlement to be paid under Coverage C because funds paid under Coverage C would not implicate the subrogation rights of the Louisiana Recovery Authority and the Road Home program.  Therefore the Plaintiff seeks to have all $48,500 paid under Coverage C.

ACFIC has taken the position that at the deposition of Mr. Metoyer was the first time that the company received a satisfactory contents lists.  At that deposition, ACFIC discovered that plaintiff's content claim was for $32,500.00.  ACFIC maintains that it would be inappropriate to pay Mr. Metoyer more under Coverage C than he is claiming.

## DISCUSSION

Even though there are two motions before the Court, it is simpler to treat them as the same motion.  The essential dispute

2

between the parties appears to be that the plaintiff believes that the settlement agreement was for a lump sum payment without conditions on the way that the money is paid, while the defendant does not wish to pay more for Coverage C than was claimed. Louisiana law specifically defines a compromise between parties as "a contract, whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code Ann. art. 3071.  The compromise only settles those disputes which the parties intended to settle , "including the necessary consequences of what they express."  La. Civ. Code Ann. art. 3076. As such, the rules that surround the interpretation of compromises are the same as the rules that surround obligations in general.  *See Ortego v. State Dep't of Transp. & Dev.*, 689 So. 2d 1358, 1363 (La. 1997); *Smith v. Walker*, 708 So. 2d 797, 802 (La. App. 1 Cir. 1998).  Therefore, the first place that the Court should look is the terms of the contract itself.

"When the words of a contract are clear and explicit, and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.'  La. Civ. Code Ann. art. 2046.  The entirety of the settlement agreement between the parties is as follows:

> "Please allow this letter to inform our settlement agreement in the referenced matter wherein ACFIC agrees to pay $48,500.00 in exchange for a full and final release of all claims by Carlos and Cathy Metoyer."

(Rec. Doc. 73-9).

The rest of the document included instructions for how to sign and return the letter. The letter was signed by the Plaintiff's attorney and returned to the defendant. The letter does not make any mention of specific coverages that the money would be paid under or any specific way in which the money will be divvied up.

Mr. Metoyer is correct that the words of the contract are clear, and therefore it would seem to be against Louisiana law to consider the intent of the parties. ACFIC seems to indicate that it would lead to an absurd result if ACFIC were forced to pay more for Coverage C than the Metoyers claimed was due. However, that is not the case.

Even assuming that ACFIC is correct and that the Metoyers are only claiming $32,500 for Coverage C, that does not preclude ACFIC from paying more than that amount. Mr. Metoyer also made a claim for penalties under LA. REV. STAT. ANN. § 22:658 and § 22:1220. (Rec. Doc. 1-2, at para. 7). Therefore, it is possible that ACFIC is settling the contents claim and the

penalties claim on that contents claim.  The compromise between the parties would be that ACFIC gives the Plaintiff $48,500 in new money, which settles all claims, including the claims for bad faith under the above mentioned statutes.

Therefore, despite the suggestion of ACFIC, that Plaintiff's interpretation would lead to an absurd result, the result is consistent with a reasonable intent of the parties.  Furthermore, the Plaintiffs and ACFIC seem to agree that there was no discussion at any point in the negotiations about the breakdown in how the money should be divvied up.  In other words, neither party ever spoke of the specific coverage breakdown of the $48,500.  There cannot be a clear meeting of the minds as to that break down, and the only agreement that was reached is that all claims would be settled for $48,500.  Therefore it appears clear that the parties agreed to a lump sum payment of $48,500.

ACFIC claims that under provisions of the Louisiana Insurance Code, it is required to provide a statement saying what the claims are for.  La. Rev. Stat. Ann. § 22:1471.1 provides that:

> "No payment of a claim on a homeowner's insurance policy shall be considered a final settlement if the insurer fails to provide the insured with a statement that accurately reflects the amount paid under each

5

>  category of coverage under the policy. . . . The statement shall be given to the insured prior to the execution of a release by the insured."

Furthermore, ACFIC cites LA. REV. STAT. ANN. § 22:1214(14)(j) for the proposition that it is considered to be an unfair trade practice to pay a claim without a statement setting forth the coverage under which the payments are being made.

Plaintiff claims that neither statute is applicable to the case at bar.  Specifically, Plaintiff notes that ACFIC is not paying a claim, but instead is paying a settlement of a lawsuit, which not only settles the insurance claim, but also settles the bad faith claims that Plaintiffs had against the insurance company.

The Court notes that section 1471.1 was passed in 2005 and so far no court has cited the statute.  However, this Court agrees that on its face, it appears to be inapplicable to the case at bar.  The statute refers to the payment of claims, and not the payment of settlements.  Furthermore, it is not clear what effect failure to follow the statute would have on the terms of the settlement.  While no court has discussed it, it is hard to imagine that section 1471.1 is intended to give insureds a private right of action, and therefore, in this case, failure would not affect the rights between the parties.

As to section 1214(14)(j), the same is true.  While it is questionable that section 1214(14)(j) applies in this situation, it is less questionable that the section does not provide a private right of action.  *See Riley v. Transamerica Ins. Group*, 923 F. Supp. 882, 888 (E.D. La. 1996).  Therefore the section also does not affect the rights between ACFIC and the Metoyers.[1]

Finally, as to Plaintiff's claim as to bad faith against ACFIC for failure to pay the settlement within 30 days, this Court finds that such a penalty is not warranted at this time. Defendant is correct that an insurer breaches its duty to act in good faith only when it knowingly fails to pay a claim within 30 days.  LA. REV. STAT. ANN. § 22:1220(B)(2).  The Court finds that the Mr. Metoyer has not alleged sufficient facts to show that ACFIC knowingly failed to pay on time.  ACFIC attempted to pay and their offer was rejected.  There was a reasonable dispute between the parties as to what the settlement meant, and therefore it appears that ACFIC has not acted in bad faith at this time.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 73 is **DENIED;**

---

[1] Again, the point of needing to go through this discussion is not to determine the application of the statute, but rather to show that naming specific coverages is not a necessary consequence of settling a lawsuit.

7

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Rec. Doc. 78) is **GRANTED in part and DENIED in part.**

New Orleans, Louisiana this the 27th day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE